## SKELLETT COMPANY v. CASCADE FRUIT PRODUCTS COMPANY.

## RAYMOND L. HENDERSON, TRUSTEE, AND OTHERS, INTERVENERS AND APPELLANTS.[1]

November 9, 1923.

No. 23,493.

**Trustee of insolvent not entitled to relief against receivers who made advantageous but improper sale of assets.**

A bank had a half interest in a purchase made at a receivers' sale, its vice president being one of the receivers and active in the sale, and made a large profit upon the resale of the property purchased. The court approved the sale. That the bank was interested was not disclosed to the court or to the creditors. There was no actual fraud. The sale by the receivers was an advantageous one as the situation then appeared. Under the facts of the case it is *held* that the trustee in bankruptcy of the debtor in the receivership proceeding is not entitled to relief against the receivers on their accounting.

Defendant's property, having been sold at receivers' sale, its trustee in bankruptcy was allowed to intervene, filed objections to the receivers' report in the district court for Hennepin county and prayed that the order confirming the sale be set aside. Two creditors also filed objections. Testimony was taken before Dickinson, J., who made findings of fact. Upon his findings and the evidence on which they were based, the Full Bench, Dickinson, Waite, Leary, Bardwell, Molyneaux, Buffington, Montgomery and Nye, JJ., overruled the objections and the motion to surcharge the receivers' account, approved their final report, allowed each receiver $300 for his services and ordered them to turn over to the trustee in bankruptcy the balance left in their hands after payment of a certain sum for expenses. From the order allowing the receivers' account, intervener appealed. Affirmed.

*Briggs, Weyl & Briggs, Henderson, Wunderlich, Brandenburg & Stiles,* and *Henderson, Stiles & Gates,* for appellant.

*Allen & Fletcher, Charles R. Fowler,* and *Selover, Schultz & Mansfield,* for receivers.

[1]Reported in 195 N. W. 770.

DIBELL, J.

M. D. Chandler and R. B. King were appointed receivers of the defendant by the district court of Hennepin county. They sold its property and applied for an allowance of their account. Each was allowed $300 for his services. The intervener Henderson, the trustee in bankruptcy of the defendant, objects to an allowance for services and asks that the account of the receivers be surcharged in the sum of $3,200, one-half of the net profits made by Swain and the Metropolitan bank, the purchasers.

Chandler is a vice president of the Metropolitan bank, which was a large or perhaps the largest creditor. King was the president of the defendant.

The receivers continued the business of the defendant for a time. Their effort was a failure. The property coming into their hands was unsalable. It was difficult to get a buyer at all. It was finally sold to one Swain whom Chandler secured as a purchaser. This was after a number of unavailing attempts to sell elsewhere. Both Chandler and King made diligent and continuous efforts to effect a sale to others. Swain was without sufficient funds. Chandler introduced him to another officer of the bank with the idea that the bank might finance him. The bank loaned Swain $1,500, which was put in with $1,500 which he had; the bank put in $3,000 against Swain's $3,000; it was agreed that Swain should have a salary, and that the profits should be divided equally between him and the bank. Swain then made a bid of $5,010. It was accepted by the receivers and approved by the court. Chandler knew sufficiently of the arrangement between Swain and the bank. King had no knowledge. That the bank was interested in the purchase was not disclosed to the court, nor did the creditors know of it. Swain, in course of time, sold the property bought for $5,010 for a sum netting a profit of $6,400, which was divided between himself and the bank. The bank is not a party to this proceeding.

The property was sold at its full value. The profit, as found by the trial court, resulted from a fortunate opportunity which came of selling the machinery and some other property which was apparently of no substantial selling value at the time of the receivers' sale.

A sale such as this is not usually to be tolerated. When Chandler became a party to an arrangement whereby his bank was to become a part purchaser of property of which he was receiver, his interest as an officer of the bank was in conflict with his duty as a receiver acting under the direction of the court—a conflict of interest and of duty. As an officer and stockholder of the bank it was to his interest to have the property bought through Swain at a low price. As an officer of the court it was his duty to get a high price. The interest of Chandler in the bank was small. He held one-five-hundredth of the stock. If the profit had been divided his share would have been $6.40. If it had been given to the trustee in bankruptcy the bank as a large creditor would have received its proportionate part by way of dividend. There was no actual fraud. The trial court so finds. It does not appear that there was a purpose to keep information that the bank was interested from the court or creditors. The sale was an advantageous one as things then appeared. The trial court so finds. Usually these things should not be matters for investigation.

The case is not governed by Boyum v. Jordan, 146 Minn. 66, 178 N. W. 158, cited by the receivers. There the trustee, financing a purchaser, and likely to get a profit, disclosed to the corporation and took no part. The directors approved. The creditors were paid. Only the corporation could object. Neither is it controlled by In re Shea, 57 Minn. 415, 59 N. W. 494, or In re Shotwell, 49 Minn. 170, 51 N. W. 909, 52 N. W. 1078, cited in behalf of the trustee in bankruptcy. The first involved a fraudulent sale. The latter involved a sale claimed to have been made by the assignee to a copartnership of which he was a member. The court found that it was not purchased by the copartnership. There was therefore no opportunity for the application of the general principle that a trustee may not be interested in the purchase of trust property.

In the situation presented, the sale being an advantageous one as things appeared at the time, the receivers having made diligent though resultless efforts to sell to others, and there being no actual fraud, it is the view of the court, the writer not concurring as to the fees, that a sale to Swain in which the bank had a half-interest,

resulting in a profit to them of $6,400, should not in any way affect the account of Chandler because he was a vice president and a small stockholder of the bank, even though the fact that the bank was interested was not disclosed to the court or to creditors.

Order affirmed.